

MICHAEL P. LOWRY, ESQ.
Nevada Bar No. 10666
E-mail: Michael.Lowry@wilsonelser.com
300 South 4th Street, 11th Floor
Las Vegas, NV 89101-6014
Tel: 702.727.1400/Fax: 702.727.1401
Attorneys for Werner Enterprises, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DARLENE ISAAC; and HAROLD ROLAND HOWMAN, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> NICHOLAS FORCILLO, an individual, WERNER ENTERPRISES, INC., a foreign corporation, DOES I through X, inclusive; and/or ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: 2:19-cv-1452 <br><br> **Werner Enterprises Petition for Removal** |

Werner Enterprises, Inc. petitions to remove this case to the United States District Court for the District of Nevada from the Eighth Judicial District Court for the State of Nevada. This petition for removal is signed per Rule 11.

Removal is appropriate per 28 U.S.C. § 1441 because diversity jurisdiction is present per 28 U.S.C. 1332. Plaintiff Darlene Isaac alleges she is a Virginian; Plaintiff Harold Rowland Howman, Jr. alleges he is a Montanan. Defendant Nicolas Forcillo is a Californian. Werner Enterprises, Inc. is a Nebraska corporation with its principal place of business in Nebraska.

On June 27, 2019, Plaintiffs filed their complaint in state court alleging injuries from an accident on July 4, 2017. Before suit was filed, Werner received a letter from Mr. Forcillo's worker's compensation administrator asserting it had paid $30,137.87 to date for medical and temporary total disability benefits, and was still making payments. In prior cases in this district,

these types of injuries and damages allegations have indicated an amount in controversy exceeding $75,000. In *Doelamo v. Karl-Heinz* the defendant argued more than $75,000 was in dispute because plaintiff alleged "approximately $22,000 in past medical damages, and he argues that it is more likely than not that if Plaintiff is successful on his claims for lost wages, future medical damages for his 'permanent' condition(s), past and future pain and suffering, and attorney's fees, he will recover more than $75,000 total in the case."[1] This was sufficient to create subject matter jurisdiction.

> In the Court's experience, a personal injury claim including $22,000 in past medical bills will normally include a plea to a jury for several times this amount in future medical bills, particularly where one alleges a permanent condition related to the injury. The Court can conclude this without even considering pain and suffering, lost wages, or attorney's fees. Considering those measures of damages and fees, as well, it is nearly certain that Plaintiff in reality seeks more than $75,000. The Court has little doubt that Plaintiff will ask the jury to award him more than $75,000, whether in this Court or in state court.

In *Canonico v. Seals* the plaintiff conceded at least $50,000 was in dispute due to past and future medical treatment and property damage.[2] "The remaining question is whether more than $25,000 is at stake in the form of pain and suffering, loss of earning capacity, loss of enjoyment of life, compensatory damages, attorney's fees, and costs. It almost certainly is."

In *Perreault v. Wal-Mart Stores, Inc.* the complaint sought an amount in excess of $10,000.00, as well as special damages, reasonable attorney's fees, costs, and other appropriate relief.[3] The plaintiff provided an itemized list of her then-current medical costs, totaling $38,769.60 and noted that her medical bills were continuing to "trickle in." The amount in controversy threshold was satisfied as "it appears likely that plaintiff's total requested damages exceed $75,000.00."

Werner Enterprises was served on August 2 and timely petitioned for removal within 30 days of service. Attached to this petition are copies of all process, pleadings, and orders served upon Werner in the state court action.

---

[1] No. 2:14-cv-339, 2014 U.S. Dist. LEXIS 72664 (D. Nev. May 27, 2014).
[2] No. 2:13-cv-316, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013).
[3] No. 2:16-cv-809, 2016 U.S. Dist. LEXIS 115591 (D. Nev. Aug. 29, 2016).

1  DATED this 21st day of August, 2019.

**WILSON ELSER**

BY: */s/ Michael P. Lowry*
    MICHAEL P. LOWRY, ESQ.
    300 South 4th Street, 11th Floor
    Las Vegas, NV 89101-6014
    Tel: 702.727.1400/Fax: 702.727.1401
    Attorneys for Werner Enterprises, Inc.

**Certificate of Service**

Pursuant to FRCP 5, I certify that I am an employee of Wilson Elser Moskowitz Edelman & Dicker LLP, and that on August 21, 2019, I served **Werner Enterprises, Inc.'s Petition for Removal** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

| Adam Ganz, Esq.<br>Majorie Hauf, Esq.<br>GANZ & HAUF<br>8950 W. Tropicana Avenue, Ste. 1<br>Las Vegas, NV 89147<br>Attorneys for Darlene Isaac and Harold Roland Howman, Jr. | |

BY: */s/ Michael Lowry*
    An Employee of
    **WILSON ELSER**

-3-