Electronically Filed
6/27/2019 10:23 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
ADAM GANZ, ESQ.
Nevada Bar No. 6650
MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
GANZ & HAUF
8950 W. Tropicana Ave, Suite 1
Las Vegas, Nevada 89147
Tel: (702) 598-4529
Fax: (702) 598-3626
aganz@ganzhauf.com
mhauf@ganzhauf.com
Attorneys for Plaintiffs

CASE NO: A-19-797520-C
Department 6

-o0o-

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DARLENE ISAAC; and HAROLD ROLAND HOWMAN, JR.,

Plaintiffs,

vs.

NICOLAS FORCILLO, an individual, WERNER ENTERPRISES, INC., a foreign corporation, DOES I through X, inclusive; and/or ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO.:
DEPT NO.:

**COMPLAINT**

COME NOW Plaintiffs, DARLENE ISAAC and HAROLD ROLAND HOWMAN, JR., by and through their counsel of record, MARJORIE HAUF, ESQ., of the law firm GANZ & HAUF, and hereby complain and allege as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this cause of action and personal jurisdiction over all parties because the subject matter of this cause of action, the collision, occurred in Clark County, Nevada.

## PARTIES

2. At all times mentioned herein, Plaintiff, DARLENE ISAAC, was and is a resident of the State of Virginia.

3. At all times mentioned herein, Plaintiff, HAROLD ROWLAND HOWMAN JR, was and is a resident of the State of Montana.

4. Plaintiffs, DARLENE ISAAC and HAROLD ROLAND HOWMAN JR, hereafter are collectively referred to as "Plaintiffs" where applicable.

5. At all times relevant herein, Plaintiffs were conducting business in the State of Nevada.

6. At all times mentioned herein, Defendant, NICOLAS FORCILLO, was and is, a resident of the State of California.

7. At all times relevant herein, Defendant, WERNER ENTERPRISES, INC., was and is a corporation organized under the laws of Delaware, with its principal place of business in Nebraska, licensed to conduct and conducting business in the state of Nevada.

8. Defendants, their parents, affiliates, and/or subsidiaries, hereafter are collectively referred to as "Defendants" where applicable.

9. The true names of DOES I through X and ROE CORPORATIONS I through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and therefore allege, that each of the Defendants, designated as DOES I through X and ROE CORPORATIONS I through X, are or may be, legally responsible for the events referred to in this action, and caused damages proximately and foreseeably to the Plaintiffs, as herein alleged, and Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

10. DOES I through V are be employers of Defendants who may be liable for Defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

11. DOES VI through X are agents, employees, contractors, independent contractors, subcontractors, underwriters, and/or representatives of Defendants, and each of them, who were involved in, enforced, participated in handling the claims proceeding and/or handling of Plaintiffs' claims against Defendants' insurance companies, casualty companies, corporations, or other business entities who enforced, wrote, or participated in the claims proceeding and/or handling of Plaintiffs' claims, as herein alleged.

12. ROE CORPORATIONS I through X are employers of Defendants, entities associated with Defendant, WERNER ENTERPRISES, INC., and/or the true and proper entity owning and/or managing the vehicle operated by Defendant, NICOLAS FORCILLO, at the time of the motor vehicle accident that is the subject of this Complaint.

13. At all times mentioned herein, each and every Defendant herein was the agent, servant, employee, partner and/or joint venture of the other Defendants herein and was acting within the course and scope of said agency, service, employment, partnership and joint venture.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. On or around July 04, 2017, Plaintiffs were both in the sleeper cab of their parked vehicle at 8050 Dean Martin Drive in Clark County, Nevada.

15. At or about the same time, Defendant NICOLAS FORCILLO was driving a vehicle, owned by Defendant WERNER ENTERPRISES, INC., and or DOES and/or ROE

CORPORATIONS I through V, eastbound through the parking lot at 8050 Dean Martin Drive in Clark County, Nevada.

16. At or about the same time, Defendant NICOLAS FORCILLO made an unsafe turn and collided with Plaintiffs.

17. At the time of the subject motor vehicle accident, Defendant NICOLAS FORCILLO was operating a vehicle owned by WERNER ENTERPRISES, INC., and/or Does I through V and/or Roe Corporations I through X.

18. At the time of the subject motor vehicle accident, Defendant NICOLAS FORCILLO had the permission of WERNER ENTERPRISES, INC., and/or DOES I through V and/or ROE CORPORATIONS I through X, to operate the vehicle that he was driving.

19. At the time of the motor vehicle accident that is the subject of this Complaint, Defendant NICOLAS FORCILLO was in the course and scope of his employment for WERNER ENTERPRISES, INC., and/or DOES I through V and/or ROE CORPORATIONS I through X.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENCE OF NICOLAS FORCILLO**

20. Plaintiffs repeat and reallege each and every allegation set forth above in this Complaint as though each were fully set forth herein.

21. Defendant, NICOLAS FORCILLO, owed a duty of care to Plaintiffs to operate his vehicle in a careful, responsible, and reasonably prudent manner.

22. Defendant, NICOLAS FORCILLO, breached this duty by failing to use due care and making an unsafe turn, thereby colliding into Plaintiffs' vehicle causing damages.

23. As a direct and proximate cause of the negligence, carelessness, and/or recklessness of Defendant, NICOLAS FORCILLO, Plaintiffs sustained severe bodily trauma.

24. Plaintiffs suffered general and compensatory damages in an amount in excess of the minimum jurisdictional amount for this Court. In addition, Plaintiffs were required to incur


GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

expenses for medical care, treatment and expenses incidental thereto, all to their detriment, in an amount that is unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount that has yet to be determined, and in this regard Plaintiffs pray leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein in an amount in excess of the minimum jurisdictional amount for this Court.

25. As a result of Defendant, NICOLAS FORCILLO's actions, it has been necessary for the Plaintiffs to retain the services of counsel to represent them in the above-entitled matter, and they should be awarded reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
**(Negligence: Respondeat Superior/Vicarious Liability of WERNER ENTERPRISES, INC., DOES I through V and ROE CORPORATIONS I through X)**

26. Plaintiffs repeat and reallege each and every allegation set forth above in this Complaint as though each were fully set forth herein.

27. On or about July 04, 2017, Defendant, NICOLAS FORCILLO, was driving a commercial vehicle owned by Defendants WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, while in the course and scope of his employment with Defendants and each of them.

28. As result of Defendant, NICOLAS FORCILLO, crashing into Plaintiffs, while performing his job duties on behalf of Defendants, Defendants WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, are vicariously liable for damages to Plaintiffs under the theory of Respondeat Superior.

...

...

GANZ & HAUF
8950 W. Tropicana Ave., #1
Las Vegas, NV 89147
Phone: (702) 598-4529
Fax: (702) 598-3626

## THIRD CLAIM FOR RELIEF
### (Negligent Hiring, Training and Supervision)

29. Plaintiffs repeat and reallege each and every allegation set forth above in this Complaint as though each were fully set forth herein.

30. Nevada courts recognize an independent claim, for negligent hiring, training and supervision, separate and apart from vicarious liability, by focusing on the different and abnormal conduct of Defendants as set forth in the leading case of *Wright v. Watkins & Shepard Trucking, Inc.*, 968 F. Supp. 2d 1092, 1095 (D. Nev. 2013), which Plaintiffs incorporate herein where applicable regarding the specific conduct of Defendant WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X.

31. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X had a duty to conduct background checks of their employees, perform drug testing, implement a reasonable and complete training program, perform physical examinations, and to properly hire, train, and supervise their staff, agents, subcontractors, and employee drivers to identify those individuals who were known to have a reckless and/or risky driving history and/or driving record.

32. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, had a duty to adequately hire, train and supervise their staff, drivers and agents to make sure their drivers did not have a reckless and unsafe driving history, and had a duty to make sure their drivers were counseled and adequately trained on conducting safe turns and maintaining a safe distance to objects when making turns to prevent collisions.

33. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, failed to adequately hire, train and supervise Defendant, NICOLAS FORCILLO, who crashed into Plaintiffs vehicle due to his lack of experience and/or adequate training and supervision by Defendants who knew or reasonably should have known

NICOLAS FORCILLO lacked the necessary background, driving skills, experience, qualifications, and training to operate Defendants' vehicle in such a manner, thereby causing it to crash into Plaintiffs' vehicle multiple times.

34. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X had a duty to train and supervise their staff, drivers and agents to make sure they, along with their drivers, were complying with Federal Motor Carrier Safety Administration trucking regulations and/or state laws pertaining to truck driver safety, pre-trip inspections, complying with federal and local laws, rules and regulations regarding the time periods allowed to drive, hours of service rules, rest periods, DOT regulations, completing and filling out the truck driver log book and training their drivers on the duty to complete log book rules as well as a duty to train and supervise their employees regarding driver safety, trucking regulations, and proper vehicle operation.

35. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, failed to train and supervise their drivers, including Defendant NICOLAS FORCILLO regarding appropriately documenting the truck driver log book, by allowing their drivers, employees, contractors and subcontractors to drive beyond the reasonable and allowable hours between resting and breaks, when to take breaks and rest, how to appropriately and properly document the contents of the truck driver log book, by engaging in a practice of minimizing downtown of their trucks and driver in order to keep their trucks on the road for extended and/or prolong periods of time. Defendants failed to adequately train, monitor and supervise their employees, drivers, staff and agents in this regard in order to minimize downtown between hauls and routes and failed to offer training classes, failed to assess and monitor their driver's skills, abilities and limitations.

36. Defendants and each of them had a duty investigate and know about their employee's background to determine if their employees are dangerous in how they operate

vehicles and/or untrustworthy in character by failing to perform adequate pre-employment background checks, employment references, driving records, employee drug testing, and employment physical exams prior to placing their applicant drivers in a position of high public contact.

37. Defendants failed to meet their obligations to Plaintiffs and breached this duty to adequately hire, train and supervise each of their staff and other agents.

38. Defendants' failure was the proximate cause of substantial injury to Plaintiffs.

39. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs both suffered significant damages, the total of which has not yet been determined, but upon information and belief, said damages will exceed the minimum jurisdictional amount established for filing this action.

### FOURTH CLAIM FOR RELIEF
### (Negligent Entrustment)

40. Plaintiffs repeat and reallege each and every allegation set forth above in this Complaint as though each were fully set forth herein.

41. NICOLAS FORCILLO had a known unsafe driving history and/or inadequate training and/or experience at the time of the subject incident that Defendants knew, or reasonably should have known.

42. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, knowingly entrusted a vehicle to an inexperienced or incompetent person.

43. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, had the right to control the vehicle Defendant, NICOLAS FORCILLO, was driving at the time of the subject accident.

44. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, permitted Defendant, NICOLAS FORCILLO, to use their vehicle.

45. Defendants, WERNER ENTERPRISES, INC., DOES I through V and/or ROE CORPORATIONS I through X, knew or should have known that use of the vehicle by Defendant, NICOLAS FORCILLO, may create an unreasonable risk of harm to others.

46. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiffs both suffered significant damages, the total of which has not yet been determined, but upon information and belief, said damages will exceed the minimum jurisdictional amount established for filing this action.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for relief and judgment as against Defendants, and each of them, as follows:

1. For special damages of an amount in excess of $15,000.00;

2. For general damages of an amount in excess of $15,000.00;

3. Punitive damages in an amount in excess of $15,000.00;

4. Interest from the time of service of this complaint;

5. Reasonable attorney's fees and costs of suit; and

6. For such other and further relief as the Court may deem appropriate.

Dated this ____ day of June, 2019.

GANZ & HAUF

MARJORIE HAUF, ESQ.
Nevada Bar No. 8111
8950 W. Tropicana Ave., Ste. 1
Las Vegas, Nevada 89147

