UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Darlene Isaac, *et al.*, | Case No. 2:19-cv-01452-KJD-BNW |
| Plaintiffs, | |
| v. | **ORDER re ECF Nos. 68 and 70** |
| Nicolas Forcillo, *et al.*, | |
| Defendants. | |

Before the Court, without oral argument, is Defendants' motion to strike Plaintiffs' untimely expert reports and animation. ECF Nos. 68, 70. Plaintiffs opposed at ECF No. 73, and Defendants replied at ECF No. 75. The Court requested supplemental briefing that the parties provided at ECF Nos. 83 and 84.

For the reasons discussed below, the Court declines to impose the extreme exclusion sanctions under Fed. R. Civ. P. 37(c)(1).[1] To the extent Defendants contend that Plaintiffs' expert disclosures were incomplete and have prejudiced them, the fact that the Court will re-open expert discovery for Defendants and direct Plaintiffs to bear the associated costs will cure any harm. *See Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775, at \*2 (W.D. Wash. Nov. 2, 2018). ("District courts are given 'particularly wide latitude' in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1).") (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)).

//

---

[1] The Court also highlights the plain language of Rule 37(c)(1). Rule 37(c)(1) provides courts with the discretion to exclude improper Rule 26 disclosures that are not "substantially justified" or "harmless." But it also allows courts to impose additional or *alternate* sanctions:
> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or **instead of this sanction**, the court, on motion and after giving an opportunity to be heard, (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(c)(1) (emphasis added).

1

I.  **Expert Reports**

It is undisputed that the initial and rebuttal expert disclosure deadlines were January 19, 2021 and February 19, 2021, respectively. ECF No. 67. It also is undisputed that, on August 12, 2021, Plaintiffs served their Third Supplemental Disclosure of Expert and Rebuttal Witnesses with six previously undisclosed reports. What is, however, disputed is whether Plaintiffs' disclosures constituted "supplemental" disclosures, were "timely," or were otherwise "substantially justified" or "harmless" in their untimeliness.

Defendants argue that these reports are not supplements and that their disclosure was untimely. ECF No. 68 at 5. They further contend that the delay in disclosure "is without justification" and the "prejudice to the defense is obvious[,]" noting that Plaintiffs had "an unfair advantage of having access to the entirety of Defendants' expert opinions prior to preparing the untimely reports" and that many of these disputed reports were not produced until "after many expert depositions were completed." *Id*. at 5, 10. Defendants' concern, at least with respect to expert depositions, appears focused on the disputed animation video. *Id*. at 10.

Plaintiffs counter that the disputed reports were "supplemental and rebuttal reports [that] were disclosed by the close of discovery." ECF No. 73 at 4. Without conceding the timeliness of the reports, they also claim that any delay in their disclosure was "because the previous supervising attorney on this case left" Plaintiffs' counsel's firm. *Id*. Plaintiffs further explain that the disputed reports were disclosed "before the deposition of a number of experts" and, where the disclosure took place after the expert's deposition, there was no prejudice because Defendants asked for the expert's opinion that was also discussed in the disputed report. *Id*. at 4–5.

A.  **Legal Standard**

Fed. R. Civ. P. 26(a)(2)(C) states that a party must make expert disclosures "at the times and in the sequence that the court orders." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court must exercise its broad discretion in determining whether

exclusion sanctions should be ordered, but if either exception is established, the court cannot impose such sanctions. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017) (citing Fed. R. Civ. P. 37(c)(1)); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

To determine whether a violation is either substantially justified or harmless,[2] a court considers several factors, including (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption at trial, and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys Ltd.*, 375 F. App'x at 713. This is "an equitable analysis entrusted to the Court's discretion." *Silvagni*, 320 F.R.D. at 242 (citing *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011)) (exercising discretion to deny exclusion sanction as a matter of "fairness" and to avoid an "unjust" result).

If the court finds that a violation was neither substantially justified nor harmless, it must then consider another set of factors in determining whether Rule 37(c)(1) exclusionary sanctions are appropriate.[3] *Nat'l R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, No. 113CV01506DADEPG, 2016 WL 1573262, at *2 (E.D. Cal. April 19, 2016). The five factors are (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (citing *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir. 1990)).

### B. Disputed Reports

Here, expert disclosures are governed by this Court's August 18, 2021 Scheduling Order that set discovery to close on November 6, 2021 and maintained the initial and rebuttal expert disclosure deadlines of January 19, 2021 and February 19, 2021, respectively. ECF No. 67.

---

[2] While substantial justification "implicates the reason for the delay," harmlessness "requires inquiry into resulting prejudice." *St. John v. Toyota Motor Sales, U.S.A., Inc.*, No. 810ML2151JVSFMOX, 2013 WL 12182029, at *2 (C.D. Cal. Aug. 20, 2013) (citations omitted).

[3] Neither party addressed this legal standard in their initial or supplemental briefs.

With respect to the six disputed expert reports, the Court first must determine whether each disclosure was a proper supplemental disclosure under Fed. R. Civ. P. 26. If it finds that it was not, it next must determine whether the improper disclosure was either "substantially justified" or "harmless." Finally, if it finds that the disclosure was untimely, not substantially justified, and not harmless, it must consider the five factors discussed above to determine whether imposing exclusion sanctions is appropriate.

As a threshold matter, the Court finds that this matter is ripe to decide, as Plaintiffs have noted in the proposed joint pretrial order (ECF Nos. 87, 90) that they will attempt to use the disputed expert reports at trial. *See, e.g., Elizondo v. SeaWorld Parks & Ent., Inc.,* No. 20-CV-00829-GPC-BGS, 2021 WL 1626320, at *2 (S.D. Cal. Apr. 27, 2021).

### i.     **Kenneth Hogan, D.C.**

By way of background, on February 19, 2021, Plaintiffs filed an emergency motion seeking a one-week extension (from February 19, 2021 to February 26, 2021) to disclose Dr. Hogan's rebuttal report. ECF No. 56. Because Plaintiffs noted that they were unable to properly confer with Defendants, the Court issued a minute order directing the parties to meet and confer about the proposed extension by February 26, 2021. ECF No. 57. In that same minute order, the Court directed Plaintiffs to withdraw their motion by February 26, 2021 if they were able to resolve the matter through the conferral process. Plaintiff subsequently withdrew their emergency motion on February 26. ECF No. 58.

In their supplemental briefing, Defendants withdrew their objection to Dr. Hogan's February 23, 2021 report, noting, however, that the withdrawal was limited only to the instant motion to strike. ECF No. 83 at 9. In light of the withdrawal, the Court will deny Defendants' motion to strike Dr. Hogan's February 23, 2021 report as moot.

### ii.    **Travis Snyder, D.O.**

Dr. Snyder authored an initial report on October 19, 2020. ECF No. 84-2 at 2. Plaintiffs disclosed that report on January 19, 2021, the deadline for initial disclosures. ECF No. 84-10 at 18–22.

4

According to Plaintiffs, Dr. Snyder authored a "supplemental" report on April 16, 2021 after receiving and reviewing a 2017 imaging study. ECF No. 84-3 at 3. Plaintiffs subsequently disclosed the "supplemental" report on August 12, 2021. ECF No. 84 at 5.

Although the imaging study—a lumbar spine MRI—was performed in 2017 (and several years before Dr. Snyder authored the initial report) Plaintiffs explain that, despite their requests for the films, Defendants did not provide them with the study until "two days before the expert disclosure deadline[.]"[4] *Id*. at 4–5. And because of this last-minute disclosure, Dr. Snyder was unable to review and update his report before the initial disclosure deadline. *Id*. Nonetheless, Dr. Snyder's opinions did not change after reviewing this 2017 study. *Id*. at 5. But, as Defendants correctly point out, Dr. Snyder's "supplemental" report referenced more than the 2017 MRI; it also referenced two additional lumbar spine X-rays dated August 29, 2018 and October 12, 2018, respectively, and a sinus CT dated February 5, 2020. ECF No. 83 at 7; ECF No. 84-3 at 3–4. Defendants also state that "[e]ach of these studies was available long before the initial expert disclosure deadline." ECF No. 83 at 7. But they do not explain how Dr. Snyder had these studies available to him at the time of the initial disclosure deadline.

The Court finds that Dr. Snyder's disputed report was a supplemental disclosure. *Burger v. Excel Contractors, Inc.*, No. 2:12-cr-01634-APG-CWH, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013) (setting out a two-part test in determining whether a supplement is really supplemental under Rule 26(e): "(1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure"). First, Plaintiffs disclosed Dr. Snyder's original report to Defendants with their initial expert disclosures. ECF No. 84-10 at 18–22. Defendants were, therefore, on notice that Dr. Snyder was a retained expert and of the extent of his testimony, which he affirmed following a review of additional diagnostic studies. *Compare* ECF No. 84-2 at 2–9 *with* ECF No. 84-3 at 2–10. Second, it appears that the supplemental imaging studies that Dr. Snyder reviewed in his disputed

---

[4] Plaintiffs state that Defendants did not disclose the imaging study until "1/7/21," though they also explain that this disclosure came only two days before the expert disclosure deadline. ECF No. 84 at 4. Given that the initial expert disclosure deadline was January 19, 2021, the Court understands the reference to January 7 (rather than January 17) to be a typographical error.

5

report were not reasonably available to him at the time of the initial disclosure deadline. *See* ECF No. 84 at 4. Thus, Plaintiffs were not designating an entirely new expert under the guise of a supplemental disclosure. They were, instead, fulfilling their obligation to supplement under Fed. R. Civ. P. 26(e).

Plaintiffs could (and should) have disclosed Dr. Snyder's supplemental report to Defendants as soon as they received it in April 2021 (and the Court admonishes Plaintiffs' counsel for not doing so). But, at the same time, Defendants have not been prejudiced in that they were able to depose Dr. Snyder about his opinions discussed in the supplemental report. *See, e.g.,* ECF No. 84-5 at 4, 11, 13–16. Plaintiffs disclosed the supplemental report on August 12, 2021, and Defendants deposed Dr. Snyder about a month later, on September 20, 2021.[5] *Compare* ECF No. 68 at 10 *with* ECF No. 84-5 at 2. At that deposition, Defendants acknowledged that "there is a second report that was recently produced. It's dated April 16, 2021, but it's the subject of a discovery dispute, so I would like to focus on the initial report." ECF No. 84-5 at 4. However, later in the deposition, Dr. Snyder, in responding to Defendants' questions regarding whether Plaintiff Harold Howman's injuries were acute, repeatedly referenced the September 2017 MRI. *Id*. at 13–14.

Therefore, even assuming that Dr. Snyder's April 2021 report was untimely and that its untimeliness was not substantially justified, the Court finds that Defendants were not harmed, as they had an opportunity to question Dr. Snyder about the disputed report at his deposition that was scheduled more than five weeks after receiving the disputed report. *See NeSmith v. Cty. of San Diego*, No. 15-CV-629 JLS (AGS), 2022 WL 272011, at *16 (S.D. Cal. Jan. 28, 2022); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005) (explaining that "[d]eadlines must not be enforced mindlessly, of course"); *Southridge P'ship v. Aspen Specialty Ins. Co.,* No. C08-0931-JCC, 2010 WL 11523561, at *2 (W.D. Wash. Jan. 7, 2010) ("Although Plaintiff's counsel appears to have been less rigorous in the preparation for trial than the Court would hope, its actions were harmless. Defendant has been familiar with [the expert's] opinions since the outset of trial and has already had an opportunity to depose him.").

---

[5] Defendants filed the instant motion to strike on September 24, 2021. *See* ECF Nos. 68, 70.

Additionally, the Court finds that there is minimal likelihood of disruption at trial, as trial is set for at least eight months away and neither party has filed dispositive motions. *See* ECF No. 90 ("Jury Trial set for 12/5/2022 at 09:00 AM in LV Courtroom 4A before Judge Kent J. Dawson"). Moreover, the Court does not find that Plaintiffs acted with bad faith or willfulness in not timely disclosing the evidence. Rather, it accepts Plaintiffs' representation that the "third expert supplement was delayed in their submission because the previous supervising attorney on this case left" Plaintiffs' counsel's firm.[6] ECF No. 84 at 3.

Accordingly, the Court will not strike Dr. Snyder's supplemental report.

### iii. David Oliveri, M.D.

Plaintiffs timely disclosed Dr. Oliveri's initial report and first supplemental report. At dispute is whether his third report dated March 29, 2021, and disclosed on August 12, 2021, is actually a supplement or an untimely rebuttal report.

In the disputed report, Dr. Oliveri noted that he reviewed additional information, including four imaging records, eight rebuttal reports, and MCV Physicians records and billings. ECF No. 69 at 16. He concluded that "[b]ased on my review of the other information and my review of my initial report and two supplemental reports, my previously outlined conclusions and opinions are unchanged." *Id*. at 35. He also explained that his "direct review of imaging is consistent with assumptions made when I authored my reports." *Id*. Finally, he stated that he does not have "comments with respect to the radiology rebuttal by Dr. Posin[,] the biomechanical analysis of Brian Jones[, or] the rebuttal by Dr. Larmore." *Id*.

Here, the Court finds that the third report is not entirely supplemental as Dr. Oliveri's opinion, though unchanged and not exceeding the scope of the first two reports, relied on eight rebuttal reports, four imaging studies, and another set of medical records that either were or should have been available to him at the time he submitted his first supplemental report on February 19, 2021. *See* Fed. R. Civ. P. 26(e); *see also Burger*, 2013 WL 5781724, at *3.

---

[6] This explanation is further supported by the stipulations to extend discovery deadlines and their reference to personal issues affecting Plaintiffs' counsel. *See, e.g.,* ECF No. 66 at 4.

7

As noted above, and as Defendants correctly state, Fed. R. Civ. P. 26(e)'s supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Lo v. United States*, No. 2:17-CV-01202-RAJ, 2021 WL 5121745, at *1 (W.D. Wash. Nov. 3, 2021) (citations omitted). Plaintiffs do not argue that Dr. Oliveri's third report is correcting inaccuracies. Rather, their position is that the doctor was updating his report because he did not have several medical records and expert reports available to him prior to the February 19, 2021 rebuttal expert disclosure deadline. However, these records appeared to have been disclosed by Defendants in March 2020, December 2020, and February 2021. With respect to the February 2021 disclosures, Plaintiffs could have moved for an extension (as they did with Dr. Hogan's rebuttal report). But they did not.

Having found that Dr. Oliveri's disputed report was not a supplement, the Court next considers whether the failure to timely provide this third report was substantially justified or harmless under Fed. R. Civ. P. 37(c)(1).

Assuming that the February 12, 2021 disclosures were not "reasonably" available to Dr. Oliveri in time for him to meet the February 19, 2021 deadline, Plaintiffs have not explained how the March and December 2020 disclosures were not "reasonably" available to him. As such, the Court finds that Plaintiffs have not met their burden in showing that their untimely disclosure of Dr. Oliveri's third report was substantially justified.

The Court next considers whether the untimely disclosure harmed Defendants. Defendants speak generally about the prejudice that they will experience. They note that they have deposed many of Plaintiffs' experts, though it is unclear, from the moving papers, whether they deposed Dr. Oliveri prior to the disclosure of the disputed report. *See* ECF No. 68 at 10. That said, the Court was able to confirm that Defendants deposed Dr. Oliveri on July 28, 2021, a few weeks before Plaintiffs disclosed the disputed report. ECF No. 73 at 9. Defendants also generally argue that Plaintiffs have "an unfair advantage of having access to the entirety of Defendants' experts' opinions prior to preparing the untimely reports." ECF No. 68 at 10. While many of the disputed reports were written prior to the disclosure deadlines, Dr. Oliveri's was written after—on March 29, 2021. ECF No. 84-

7 at 2. Finally, Defendants claim, without any specificity, that their experts "may" need to update their rebuttal reports. ECF No. 68 at 10.

While this untimely disclosure of Dr. Oliveri's third report could prejudice Defendants, there is time to cure this minimal prejudice.[7] First, despite being written after the rebuttal disclosure deadlines, Dr. Oliveri's report reads almost verbatim to his second report that was timely disclosed. *Compare* ECF No. 84-6 *with* ECF No. 84-7. Aside from summarizing four imaging studies and eight expert reports, his diagnoses and findings remain unchanged from his second (and timely) disclosed report. *Compare* ECF No. 84-6 at 19 *with* ECF No. 84-7 at 21–22. Second, unlike in *Yeti by Molly*, 259 F.3d at 1105, where the disclosures occurred only 28 days before trial, there are still almost 8 months until trial in this case. Moreover, at the time Defendants filed the instant motion, there remained over one month until discovery closed. Additionally, no dispositive motions have been filed. Furthermore, the Court does not find that Plaintiffs acted with bad faith or willfulness in not timely disclosing the evidence.

Thus, if Defendants find it necessary, there is time for the Court to reopen discovery for the limited purpose of having Defendants re-depose Dr. Oliveri for the limited purpose of addressing the additional imaging studies and reports[8] and allowing Defendants' rebuttal experts an opportunity to update their reports in response only to the new language found in Dr. Oliveri's third report.[9] *See, e.g., Liberty Mut. Fire Ins. Co. v. Bosa Dev. Cal. II, Inc*., No. 17CV666 AJB (BGS), 2019 WL 3554938, at *1 (S.D. Cal. Aug. 5, 2019) (finding that striking untimely disclosed expert reports was "not warranted" and, instead, ordering the non-moving party to pay for the cost of deposing, for a

---

[7] Even if the Court were to find that Plaintiffs' untimely disclosures prejudiced Defendants and such prejudice could not be cured, the Court does not find that the five *Wanderer* factors weigh in favor of imposing Rule 37(c)(1) exclusion sanctions, particularly in light of the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. *See Nat'l R.R. Passenger Corp.*, 2016 WL 1573262, at *2.

[8] The Court orders that this deposition, if it takes place, to last no longer than one hour, to occur via Zoom or in person, and to take place within 30 days from the date of this Order. That additional deposition time cannot be spent for any other purpose. It further orders Plaintiffs' counsel to bear the cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *1.

[9] If they so choose, Defendants must obtain these rebuttal report(s) within 30 days from the date of this Order. Plaintiffs' counsel is ordered to bear the (reasonable) cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *6 (noting that "there is time available to allow [the recipient of an untimely disclosure] a rebuttal expert(s) to respond to the combined initial and supplemental reports of each expert, so [the party] has not been denied an opportunity to fully rebut these opinions").

second time, the expert who wrote the disputed report and further allowing the moving party an opportunity to provide rebuttal expert(s)); *Corbrus, LLC v. 8th Bridge Cap., Inc.*, No. 219CV10182CASAFMX, 2021 WL 4439220, at *6 (C.D. Cal. Aug. 9, 2021) (permitting the parties leave to re-open the depositions of the experts who provided untimely disclosures because the moving party "argued that it may be prejudiced because it was not adequately prepared to cross examine" the expert at his deposition).

### iv.     William Muir, M.D.

Dr. Muir prepared two reports that were timely disclosed by the initial and rebuttal expert disclosure deadlines. ECF No. 83 at 6; ECF No. 84 at 8. At dispute is Dr. Muir's third report dated March 29, 2021. ECF No. 73 at 13; ECF No. 83 at 6–7. According to the report, Plaintiff's expert reviewed additional medical records (that Defendants argue were or should have been available to him prior to the initial expert disclosure deadline) and rebuts several defense rebuttal expert reports. ECF No. 83 at 6–7.

The Court finds that Dr. Muir's disputed report is not entirely a supplement and, therefore, is untimely. *See Bessler v. City of Tempe*, No. CV-19-04610-PHX-MTL, 2021 WL 3089104, at *12 (D. Ariz. July 22, 2021), *amended on reconsideration in part*, No. CV-19-04610-PHX-MTL, 2021 WL 4122247 (D. Ariz. Sept. 9, 2021) (internal quotation marks and citations omitted) ("Courts have rejected supplemental expert disclosures where they attempted to deepen and strengthen the expert's prior reports with previously available information."). This is so because it appears that—at least with respect to the medical records—he had or should have had access to them prior to either expert disclosure deadline. *See* ECF No. 84-9 at 4, 6 (Defendants' disclosure of Holy Rosary Healthcare and Ortho Montana records on March 23, 2020).

The Court next turns to whether this untimely disclosure was substantially justified or harmless.

Plaintiffs have not met their burden in establishing that their untimely disclosure was substantially justified (or even justified). They simply gloss over this issue. ECF No. 73 at 13–14.

Plaintiffs, however, do argue that disclosing the disputed report after Dr. Muir was deposed is harmless, as his opinions "remained constant" except with respect to his opinion on defense expert Kathleen Hartman's report. *Id*. at 14. They further claim that even the changed opinion is harmless because Defendants discussed this opinion at his deposition. *Id*. Defendants counter that Dr. Muir's disputed report is prejudicial because its untimely disclosure precluded Ms. Hartman from addressing his opinions "either in a rebuttal report or at deposition." ECF No. 75 at 5–6.

As discussed above, the Court finds that there is time to cure the prejudice.[10] Thus, if Defendants find it necessary, there is time for the Court to reopen discovery for the limited purpose of having Defendants re-depose Ms. Hartman for the limited purpose of addressing Dr. Muir's opinions regarding her report[11] and allowing her to update her report in response to Dr. Muir's third report.[12]

### v. Thomas/Terrence Clauretie, Ph.D.[13]

Plaintiffs timely disclosed Dr. Clauretie as an initial expert on January 19, 2021. ECF No. 83 at 8; ECF No. 84 at 9. On April 14, 2021, Dr. Clauretie authored a disputed report titled, in pertinent part, "Response to the Rebuttal Reports of Dr. Eugenia Larmore, Ph.D." ECF No. 83 at 8.

Defendants argue that Dr. Clauretie's disputed report is a "sur-rebuttal report [that] should be excluded at trial because the majority of documents relied upon were available prior to the initial expert disclosure date." *Id*. They further claim that his report "does not correspond to any of his earlier reports and is inappropriate." *Id*. They also generally note that their experts "were deprived of the opportunity to address Mr. Clauretie's additional opinions either in rebuttal reports or deposition." ECF No. 75 at 6.

---

[10] Even if the Court were to find that Plaintiffs' untimely disclosures prejudiced Defendants and such prejudice could not be cured, the Court does not find that the five *Wanderer* factors weigh in favor of imposing Rule 37(c)(1) exclusion sanctions, particularly in light of the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. *See Nat'l R.R. Passenger Corp.*, 2016 WL 1573262, at *2.

[11] The Court orders that this deposition, if it takes place, to last no longer than one hour, to occur via Zoom or in person, and to take place within 30 days from the date of this Order. That additional deposition time cannot be spent for any other purpose. It further orders Plaintiffs' counsel to bear the cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *1.

[12] Ms. Hartman must update her report within 30 days from the date of this Order. The update is limited only to replying to Dr. Muir's opinions about her rebuttal report. Plaintiffs' counsel is ordered to bear the (reasonable) cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *6.

[13] Defendants refer to Dr. Clauretie as Terrence Clauretie (ECF No. 83 at 8) whereas Plaintiffs refer to him as Thomas Clauretie (ECF No. 73 at 15).

11

Plaintiffs counter that Defendants have not suffered any harm or prejudice as they were able to question Dr. Clauretie about his opinions on Dr. Larmore's report during his deposition, as he specifically stated, on at least two occasions, that his opinions are "in response" to Dr. Larmore's findings. ECF No. 73 at 15–16.

When comparing Dr. Clauretie's initial report (that was timely disclosed) with his disputed report, it is clear, as Defendants argue, that the disputed report is exclusively a sur-rebuttal to defense expert Dr. Larmore's rebuttal report. *Compare* ECF No. 84-18 *with* ECF No. 84-20.

Although the Federal Rules of Civil Procedure are silent on sur-rebuttal expert reports, many courts do not prohibit them, though they do require parties to seek leave of court before filing such reports. *Canyon Ests. Condo. Ass'n v. Atain Specialty Ins. Co.*, No. 2:18-CV-01761-RAJ, 2020 WL 3048016, at *1 (W.D. Wash. June 8, 2020).

Here, Plaintiffs did not seek leave of court (or obtain a stipulation) before disclosing Dr. Clauretie's sur-rebuttal report. Thus, the Court finds that the report was improperly disclosed under Fed. R. Civ. P. 26.

The Court next addresses whether sanctions under Fed. R. Civ. P. 37(c)(1) are appropriate. As addressed earlier, whether Plaintiffs' failure to properly disclose Dr. Clauretie's disputed report is subject to discovery sanctions turns on whether the failure was substantially justified or harmless.

Plaintiffs have not shown that the failure to properly disclose the disputed report was substantially justified. But they have shown that it was harmless. The Court finds that there is time to cure this prejudice and do so in a way that does not necessarily delay the case.[14] Dr. Clauretie's report was provided before the close of discovery, sufficiently far before the trial date, and well before dispositive motions deadlines. As such, the Court will reopen discovery for the limited purpose of having Defendants re-depose Dr. Clauretie on his opinions related to Dr. Larmore's

---

[14] Even if the Court were to find that Plaintiffs' untimely disclosures prejudiced Defendants and such prejudice could not be cured, the Court does not find that the five *Wanderer* factors weigh in favor of imposing Rule 37(c)(1) exclusion sanctions, particularly in light of the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. *See Nat'l R.R. Passenger Corp.*, 2016 WL 1573262, at *2.

February 16, 2021 report[15] and allowing Dr. Larmore an opportunity to update her report in response to Dr. Clauretie's third report dated April 14, 2021.[16]

### vi.   Ira Spector, M.S., C.R.C.

Mr. Spector is a certified rehabilitation counselor whose initial and rebuttal expert reports were timely disclosed on January 19, 2021 and February 19, 2021, respectively. *See* ECF No. 84-10 at 12; ECF No. 84-11 at 15. He authored a third "supplemental" report (dated March 17, 2021) that opined on Plaintiff Darlene Isaac's loss of earning capacity. ECF No. 69 at 36, 43. In authoring the disputed report, Mr. Spector noted that he reviewed three additional documents: Ms. Isaac's deposition transcript, James Wilcher's rebuttal and supplemental report dated February 15, 2021,[17] and Eugenia Larmore's economic loss of earning capacity report dated February 16, 2021. *Id*. at 36. Mr. Spector's report rebutted both Mr. Wilcher and Dr. Larmore's opinions. *Id*. at 36–40.

Here, the Court finds that Mr. Spector's disputed report is not entirely a supplement. While the Court finds that Mr. Spector's disputed report includes supplemental information that corresponds to a prior Rule 26(a) disclosure, it also finds that this supplemental information was available to him at the time he authored his second report. *See* Fed. R. Civ. P. 26(e). Specifically, information relating to Ms. Isaac's deposition transcript was, as Plaintiffs concede, available to Mr. Spector well before his February 15, 2021 rebuttal report. ECF No. 84 at 11.

Having found that Mr. Spector's disputed report was not entirely a supplement, the Court next considers whether the failure to timely provide this third report was substantially justified or harmless under Fed. R. Civ. P. 37(c)(1).

The Court finds that Plaintiffs have not met their burden in showing that their untimely disclosure of Mr. Spector's third report was substantially justified. Plaintiffs concede that Mr.

---

[15] The Court orders that this deposition, if it takes place, to last no longer than one hour, to occur via Zoom or in person, and to take place within 30 days from the date of this Order. That additional deposition time cannot be spent for any other purpose. It further orders Plaintiffs' counsel to bear the cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *1.

[16] Dr. Larmore must update her report within 30 days from the date of this Order. The update is limited only to replying to Dr. Clauretie's opinions about her rebuttal report. Plaintiffs' counsel is ordered to bear the (reasonable) cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *6.

[17] According to Plaintiffs' February 19, 2021 disclosures, Mr. Spector reviewed Mr. Wilcher's expert report and video interview. ECF No. 84-11 at 17. It is, therefore, unclear whether Mr. Spector's reference to Mr. Wilcher's February 15, 2021 report as a new document that he reviewed in authoring the disputed report is a typographical error.

13

Spector had access to both Ms. Isaac's deposition transcript and Mr. Wilcher's report, though they do not address whether he had access to Dr. Larmore's report before the rebuttal expert disclosure deadline. Plaintiffs could have moved for an extension (as they did for Mr. Hogan's expert report), but they did not.

The Court next turns to whether Plaintiffs' untimely disclosure of Mr. Spector's disputed report prejudiced Defendants.

In their reply, Defendants explain that they were prejudiced because they deposed Mr. Spector before receiving his disputed report and because their experts "were not given the opportunity to address" his opinions provided in the disputed report. ECF No. 75 at 6.

The Court finds that there is time to cure this prejudice and do so in a way that does not necessarily delay the case.[18] Mr. Spector's report was provided before the close of discovery, sufficiently far before the trial date, and well before dispositive motions deadlines. As such, the Court will reopen discovery for the limited purpose of having Defendants re-depose Mr. Spector for the limited purpose of addressing his opinions related to Ms. Isaac's deposition, Mr. Wilcher's February 15, 2021 report, and Dr. Larmore's February 16, 2021 report[19] and allowing Defendants' rebuttal experts an opportunity to update their reports in response to Mr. Spector's third report dated March 17, 2021.[20]

**II.   Animation Video**

Defendants move the Court to strike Plaintiffs' animation video as untimely, reasoning that the animation was not subject to the expert disclosure deadlines because it "allegedly used the Defendants' accident reconstruction video created by defense expert Erik Johnson of Rimkus, as a

---

[18] Even if the Court were to find that Plaintiffs' untimely disclosures prejudiced Defendants and such prejudice could not be cured, the Court does not find that factors weigh in favor of imposing Rule 37(c)(1) exclusion sanctions, particularly in light of the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions. *See Nat'l R.R. Passenger Corp.*, 2016 WL 1573262, at *2.

[19] The Court orders that this deposition, if it takes place, to last no longer than one hour, to occur via Zoom or in person, and to take place within 30 days from the date of this Order. That additional deposition time cannot be spent for any other purpose. It further orders Plaintiffs' counsel to bear the cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *1.

[20] If Defendants so choose, Dr. Larmore and Mr. Wilcher must update their reports within 30 days from the date of this Order. The update is limited only to replying to Mr. Spector's opinions about their reports. Plaintiffs' counsel is ordered to bear the (reasonable) cost. *See Liberty Mut. Fire Ins. Co.*, 2019 WL 3554938, at *6.

basis for the animation[.]" ECF No. 68 at 5–6. Plaintiffs counter that the video is not expert evidence but, rather, demonstrative evidence and, therefore, not subject to the expert disclosure deadlines. ECF No. 73 at 5. The Court agrees with Plaintiffs.

"Computer animations are allowed in the Ninth Circuit." *Allison v. Smoot Enterprises Inc.*, 2019 WL 5095779, at *4 (D. Oregon 2019). Additionally, they are generally considered demonstrative evidence. *See, e.g., Friend v. Time Mfg. Co.*, 2006 WL 2135807, at *20 (D. Ariz. July 28, 2006) ("The use of computer animations is allowed when it satisfies the foundational requirements for demonstrative evidence.).

"[D]emonstrative exhibits that merely support an expert's analysis, or 'demonstrate existing expert opinion in the record,' do not fall within the scope of FRCP 26(a)(2)(B)'s pretrial disclosure requirements." *In re SFPP Right-of-Way Claims*, No. SACV 15-00718 JVS (DFMx), 2017 WL 2378363, at *7–*8 (C.D. Cal. May 23, 2017); s*ee also Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 217-18 (S.D.N.Y. 2021) (explaining that demonstrative exhibits do not "fit comfortably within the disclosure requirements" of FRCP 26 because they normally do not exist at the outset of a case and stating that there exists no requirement to disclose such materials at a specific time; it is within the trial court's "discretion to require parties to make pretrial disclosures of such materials by specific deadlines").

Here, Plaintiffs created an animated video depicting what they believe occurred on the day of the accident. This constitutes demonstrative evidence and, therefore, is not subject to pretrial disclosure. Accordingly, the Court finds that Plaintiffs' disclosure of the demonstrative animation was not untimely.[21]

**III.   Conclusion and Order**

Other than the sanctions of fees and costs related to Plaintiffs' untimely disclosure of Dr. Clauretie, Dr. Muir, Dr. Oliveri, and Mr. Spector's expert reports set forth above, **IT IS ORDERED** that Defendants' Motion to Strike (ECF Nos. 68, 70) is DENIED.

---

[21] Notably, the Court is not addressing whether Plaintiff may introduce the video at trial, as this question is best addressed in a motion *in limine*.

15

1  **IT IS FURTHER ORDERED** that the parties must meet and confer regarding appropriate deadlines for completion of the above noted depositions and the provision of rebuttal expert reports by Defendants no later than April 22, 2022.

**IT IS FURTHER ORDERED** that the parties must file a joint status report with the finalized schedule by April 29, 2022.

DATED: April 14, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

16