Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Anjan Gewali, Esq.
Nevada Bar No.: 14054
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
702 598 3626 FAX
mhauf@courtroomproven.com
mpfau@courtroomproven.com
agewali@courtroomproven.com
*Attorneys for Plaintiffs,*
*Darlene Isaac and*
*Harold Roland Howman, Jr.,*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **Darlene Isaac;** and **Harold Roland Howman Jr.,**<br><br>Plaintiffs,<br>vs.<br><br>**Nicolas Forcillo;** an individual, **Werner Enterprises, Inc.,** a foreign corporation, DOES I through X, inclusive; and/or ROE CORPORATION I through X, inclusive<br><br>Defendants. | Case No.: 2:19-CV-01452-KJD-BNW<br><br>**Errata to Joint Status Report** |

Plaintiffs, through their counsel of record, hereby submits this Errata to the Joint Status Report, filed on April 29, 2022, in order to correct an inadvertent clerical error. Plaintiff inadvertently filed the second draft, not the final draft reviewed and approved by all parties. Please see corrections listed in BOLD.

COME NOW, Plaintiffs Darlene Isaac and Harold R. Howman Jr, (hereinafter "Plaintiffs"), by and through their counsel of record, Marjorie L. Hauf, Esq. and Anjan

Gewali, Esq. of H & P LAW, and Defendants Nicolas Forcillo and Werner Enterprises, Inc. by and through their counsel of record, Michael C. Hetey, Esq. of Thorndal, Armstrong, Delk, Balkenbush & Eisinger, hereby jointly submit the following Joint Status Report, pursuant to the Court's Order in Document 93: ORDER re ECF Nos. 68 and 70, issued April 14, 2022.

**1. STATUS OF ACTIONS**

 **a. Joint Pre-Trial Order**

On January 20th 2022, this court issued the joint pretrial order. (ECF No. 90). This Court set the case for jury trial on December 5, 2022 with a Calendar Call on November 29, 2022 at 9:00am in courtroom 4A. (Id.)

 **b. Defendant's Motions to Strike Untimely Expert Reports and Animation.**

On September 24th 2021, defendant filed two Motions to Strike Untimely Expert Reports and Animation (ECF No. 68, 70). Plaintiffs filed their Opposition on October 8th 2021 (ECF No. 73). Defendants filed their Reply on October 15th, 2021. (ECF No. 75). Defendants filed their Supplemental Briefing in support of their Motion to Strike Untimely Expert Reports and Animation on November 12th, 2021. (ECF No. 83). Plaintiffs' filed their Supplemental Opposition to Defendants' Motion to Strike Untimely Expert Reports and Animation on November 12 2021. (ECF No. 84). On April 14, 2022, this Court issued an ORDER regarding ECF Nos. 68 and 70, in which this Court reopened expert discovery for defendants and directed plaintiffs to bear the associated costs. (ECF No. 93.).

**Pursuant to the Court's Order, counsel for the parties, Anjan Gewali and Michael Hetey conducted a first phone conference to discuss a plan per the Court's request on April 20, 2022, at which time the parties discussed the fact**

**that a settlement conference is set for May 27, 2022, leading to a joint desire to refrain from conducting further discovery that will only cause the parties to bear additional fees and costs, until after the May 27, 2022 settlement conference.  If the settlement conference resolves the case, the discovery will be unnecessary.  If the parties are unable to settle the case at the May 27, 2022 settlement conference, Mr. Gewali and Mr. Hetey discussed a plan that will include the potential additional rebuttal reports and potential depositions taking place between June and August 2022.  Given the pending December 5, 2022 trial date, the parties believe there is no prejudice by conducting the potential additional discovery between June and August 2022.  The parties also respectfully request clarification from the Court on some of the footnotes regarding depositions, to confirm which party is being permitted to depose which witness, especially footnotes 11 and 12 regarding witness Hartman.**

### i. The Deposition of David Oliveri, M.D.

The Court reopened discovery for the limited purpose of having Defendants re-depose Dr. Oliveri for the limited purpose of addressing the additional imaging studies and reports and allowing Defendants' rebuttal experts an opportunity to update their reports in response only to the new language found in Dr. Oliveri's third report.

The parties agreed to conduct the deposition between June and August of 2022. Plaintiffs have reached out to Dr. Oliveri to determine his availability for deposition during the months of June, July, and August of 2022. Defendants have not decided if they will need to conduct this deposition at this time. **The parties believe it is in the best interests of the case to wait until after the May 27, 2022 settlement conference to depose Dr. Oliveri.  The parties will however review Dr. Oliveri's availability for potential deposition availability dates, to be prepared to conduct his deposition should the case not settle.**

**Joint Status Report**

### ii. **The Deposition of Kathleen Hartmann.**

The Court reopened discovery for the limited purpose of having Defendants re-depose Ms. Hartmann for the limited purpose of addressing Dr. Muir's opinions regarding her report and allowing her to update her report in response to Dr. Muir's third report. However, as addressed below the parties seek clarification on who may depose Ms. Hartman as she is a defense witness.

The parties agreed to conduct the remaining discovery between June and August of 2022. **The parties believe it is in the best interests of the case to wait to make decisions on this additional report and potential deposition given the May 27, 2022 settlement conference.**

**As stated above, the parties seek clarification from the Court as to whether it is Plaintiffs or Defendants who may depose Ms. Hartmann, as Ms. Hartmann is a defense witness. Footnotes 11 and 12 of the Court's Order address Ms. Hartman's report and deposition. The Defendants can contact Ms. Hartmann to determine her availability for deposition so that it can occur between June and August, should the case not settle at the May 27, 2022 settlement conference, once there is confirmation as to which party it is that may be permitted to conduct her deposition, if any.**

### iii. **The Deposition of Clauretie Ph.D**

The Court reopened discovery for the limited purpose of having Defendants re-depose Dr. Clauretie on his opinions related to Dr. Larmore's February 16, 2021 report, and allowing Dr. Larmore an opportunity to update her report in response to Dr. Clauretie's third report dated April 14, 2021.

The parties agreed to conduct the deposition between June and August of 2022. Plaintiffs have reached out to Dr. Clauretie to determine his availability for deposition during the months of June, July, and August of 2022. Defendants have not decided if they will need to conduct this deposition at this time. **The parties**

**believe it is in the best interests of the case to make decisions on this additional report and deposition given the May 27, 2022 settlement conference. However, Plaintiffs are seeking Dr. Clauretie's availability between June and August for potential deposition availability dates so the parties are prepared should the case not settle at the May 27, 2022 settlement conference.**

### iv. The Deposition of Mr. Spector M.S., C.R.C.

The Court reopened discovery for the limited purpose of having Defendants re-depose Mr. Spector for the limited purpose of addressing his opinions related to Ms. Isaac's deposition, Mr. Wilcher's February 15, 2021 report, and Dr. Larmore's February 16, 2021 report and allowing Defendants' rebuttal experts an opportunity to update their reports in response to Mr. Spector's third report dated March 17, 2021.

The parties agreed to conduct the deposition between June and August of 2022. Plaintiffs have reached out to Mr. Spector to determine his availability for deposition during the months of June, July, and August of 2022. Defendants have not decided if they will need to conduct this deposition at this time. **The parties believe it is in the best interests of the case to wait to make decisions on this additional report and deposition given the May 27, 2022 settlement conference. Plaintiffs are seeking information on Mr. Spector's availability prior to providing potential deposition availability dates so the parties are prepared should the case not settle at the May 27, 2022 settlement conference.**

**Joint Status Report**

2. **PENDING MOTIONS OR OTHER MATTERS REQUIRING THE COURT'S ATTENTION**

   a. **Plaintiffs' Motion to strike the expert re-creation video of Erik C. Johnson, PE.**

   On October 15th, 2021, Plaintiffs filed a Motion to Strike the Expert Recreation Video of Erik C. Johnson, PE. (ECF No. 74). On October 29th 2021, Defendants filed their Opposition (ECF No. 79). Plaintiffs filed their Reply on November 05, 2021 (ECF No. 82). This Court's decision is outstanding.

   b. **Settlement Conference**

   On February 15th 2022, this Court issued an order scheduling settlement conference for May, 27, 2022 at 9:00am via zoom, and a pre-Settlement Conference on May 26, 2022 at 3:00pm. (ECF No. 92).

### ORDER

**IT IS ORDERED** that ECF No. 95 is GRANTED.

**IT IS FURTHER ORDERED** that neither party will (re)depose Ms. Hartmann. Ms. Hartmann may only, if Defendants so choose, submit an updated report consistent with the Court's order at ECF No. 93.

**IT IS FURTHER ORDERED** that, due to a conflict in the Court's calendar, the pre-Settlement Conference Telephonic Conference and Settlement Conference are rescheduled to 6/15/2022 at 3:00 p.m. and 6/17/2022 at 9:00 a.m., respectively.

Counsel is kindly directed to call (877) 810-9415, access code 2365998, for the 6/15/2022 pre-Settlement Conference Telephonic Conference.

The Court will circulate a Zoom invitation for the 6/17/2022 Settlement Conference.

IT IS SO ORDERED

DATED: 3:47 pm, May 23, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE