UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARLENE ISAAC, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>NICOLAS FORCILLO, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-01452-KJD-DJA<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE** |

Presently before the Court is Plaintiffs' Motion to Strike Expert Recreation Video (#74). Defendants filed a response in opposition (#79) to which Plaintiffs replied (#82).

I.     Factual and Procedural Background

This is a negligence action involving a low-speed semi-truck accident. Defendant Nicolas Forcillo ("Forcillo") was driving a semi-truck owned and provided to Forcillo by Defendant Werner Enterprises, Inc. ("Werner"). Forcillo was operating the vehicle at a truck stop in Clark County, Nevada, when he attempted to make a left turn and park his truck. While traveling at a low speed, Forcillo collided with another semi-truck that was parked in the truck stop. The Plaintiffs, Darlene Isaac ("Isaac") and Harold Roland Howman ("Howman") were lying down in the back cabin of that parked semi-truck and allege that as a result of the collision, they were both tossed from their cabin beds and injured.

During discovery, Defendants disclosed as an expert witness Erik C. Johnson, a mechanical engineer, accident reconstruction, and visualization expert, as well as expert witness Dr. Christopher T. Chen, an expert in biomechanical and human factors engineering. These witnesses worked in concert to produce a video depicting a recreation of the accident. Plaintiffs do not dispute the expert's qualifications, but they bring this Motion to exclude the video created by the expert witnesses.

The video at issue depicts Dr. Chen, lying flat on his back in the bunk of a semi-truck when another semi-truck, driving 5 mph, collides with the truck Dr. Chen is lying in. The video

is meant to help viewers understand how the force of the collision would affect the passengers inside.

Plaintiffs ask the Court to exclude this video from evidence for three reasons. First, Plaintiffs argue that in the real accident, Isaac was lying on her side in the bunk, and not flat on her back as was portrayed by Dr. Chen, who was impersonating Isaac in the recreation video. Second, Plaintiffs argue that Dr. Chen is seen in the video gripping the side railing of the bunk, as if bracing for impact, and that Isaac and Howman were not holding on to anything, were caught extremely off guard by the collision, and thus were injured. Third, they argue that while Dr. Chen was lying on the bottom bunk representing where Isaac was lying, Dr. Chen did not represent how the collision impacted Howman, who was lying on the top bunk. In summary, Plaintiffs argue that the video is not a fair representation of what was actually experienced on the day of the accident and that it should not be admissible because it will mislead and confuse the jury.

II.   Analysis

**A.  Legal Standard**

Fed. R. Evid. 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Supreme Court gave expanded direction on Rule 702 in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Daubert, the Court held that Rule 702 imposed "a special obligation upon a trial judge to 'ensure that any and all *scientific* testimony… is not only relevant, but reliable.'" Kumbo Tire Co., v. Carmichael, 526 U.S. 137 (1999) (emphasis added). The Court expanded this gatekeeping obligation to all expert testimony. Id. at 147. Daubert "established that, faced with a proffer of expert scientific testimony, the trial judge, in making the initial determination whether to admit the evidence, must determine whether the expert's testimony

reflects (1) "scientific knowledge," and (2) will assist the trier of fact to understand or determine a material fact at issue." Id. The "focus must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 580.

The Ninth Circuit has emphasized that "Rule 702 is applied consistent with the liberal thrust of the Federal Rules and their general approach of relaxing the traditional barrier to opinion testimony." Jinro Am. Inc. v. Secure Investments, Inc., 266 F.3d 993, 1004 (9th Cir.). "An expert witness–unlike other witnesses–is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation, so long as the expert's opinion [has] a reliable basis in the knowledge and experience of his discipline." Id. (citations and quotation marks omitted).

In Daubert, the Court also clarified that parties should not be "overly pessimistic about the capabilities of the jury and of the adversary system generally. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. "The role of the Court is not to determine 'the correctness of the expert's conclusions but the soundness of his methodology.'" Great Western Air, LLC v. Cirrus Design Corporation, No. 2:16-CV-02656-JAD-EJY, 2019 WL 6529046, *3 (D. Nev. 2019). "The judge is supposed to screen the jury from unreliable nonsense opinions… [t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Id. at 4.

**B.  Erik V. Johnson's Video**

The Court rejects Plaintiffs' argument that this video will mislead and confuse the jury. Fed. R. Evid. 702 allows experts to testify in the form of opinion or otherwise, in this case a recreation video, if it meets the requirements as listed in 702. The Court finds that the video satisfies those requirements. To prepare for the filming of the video, Mr. Johnson and Dr. Chen, whose qualifications have not been challenged, testified that they relied on photographs, deposition testimony, and information from the inspection of both trucks to understand the force, acceleration, and movement produced in the accident. Several practice runs with orange traffic

cones were also conducted, and they created a digital recreation to calculate the speeds and angles that were used in the actual filmed recreation of the accident. Thus, the video relies on the expert's technical knowledge, is based on sufficient facts and data, is the product of reliable principles and methods, and the experts have reliably applied the principles and methods to the facts of the case.

The Court also finds that, as set out in Daubert, the video is relevant and reliable, and that it reflects scientific knowledge and will assist the trier of fact to understand or determine a material fact at issue. Relevance is a fairly low bar to satisfy, and this video certainly exceeds that bar. The video portrays one semi-truck colliding with a parked semi-truck, while an individual experiences the collision while lying down in the cabin bunk. For the reasons set out above, the video is reliable and based on the scientific knowledge of the experts. This video will also assist the jury in understanding or determining a material fact at issue. The key issue in this case is whether such a low-speed accident could result in the injuries Plaintiffs are claiming. This video depicts, using similar speed, angles, and movements, what likely occurred on the day of the accident and can assist the jury in visualizing the event. Thus, it does go to a material fact at issue and is therefore admissible.

Further, as emphasized by the Ninth Circuit, expert witnesses are given wide latitude to offer opinions, even those not based on firsthand knowledge or observation. These opinions must merely be attached to a reliable basis in the knowledge and experience of the expert's discipline. This is surely the case here as both experts have scientific backgrounds and experience in accident reconstruction.

Lastly, the Court is sympathetic to the Plaintiffs' concerns regarding the accuracy of nuances contained in the video. However, the Court must only consider the principles and methodology of the expert opinion, and not focus on the conclusions they generate.[1] The Court does not find this video to be "unreliable nonsense" and does find it substantively helpful to a trier of fact. The remedy for the Plaintiffs is to use vigorous cross-examination and presentation

---

[1] The Court may offer a limiting instruction to the jury as set out in the Model Civil Jury Instructions 2.10 and 2.13. See Manual of Model Civil Jury Instructions, United States Courts for the Ninth Circuit https://www.ce9.uscourts.gov/jury-instructions/model-civil (last visited Aug. 17, 2022).

of any contrary evidence. It is left to the jury to weigh the evidence and decide if certain testimony is credible.

III.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Strike Expert Recreation Video of Erik C. Johnson, PE, is **DENIED.**

DATED this 19 day of August, 2022.

_____
Kent J. Dawson
United States District Judge